## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT STANLEY MORGAN, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-2448 NAB |
| OFFICE OF ATTORNEY GENERAL, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis and submission of a civil complaint. Plaintiff's financial information reveals that he does not have sufficient funds to pay the filing fee, and the motion for leave to proceed in forma pauperis will be granted. The complaint is frivolous, however. Accordingly, the Court will dismiss this action without prejudice.

**Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under several miscellaneous federal criminal and civil statutes. Named as defendants are several government agencies and mental health workers. Plaintiff blames these individuals for maliciously prosecuting him for assault in 2001. The complaint is difficult to understand, however, because plaintiff rambles discursively about his past and appears to debating a past finding that he is mentally ill.

## Discussion

Plaintiff's allegations of a conspiracy against him are wholly conclusory and do not allege facts, which if proved would entitle plaintiff to relief. Consequently, these claims are legally frivolous.

The Court believes that plaintiff's allegations, such as his claims about a eugenics program or "voodoo Catholic witch hunters," are delusional. Therefore, they are factually frivolous under Denton.

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). None of plaintiff's allegations appear to pertain to events occurring within the past five years. As a result, plaintiff's claims are barred by the statute of limitations.

Finally, none of the statutes raised by plaintiff's for the basis of this Court's jurisdiction provide for relief under these circumstances.  As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

A separate Order of Dismissal will be filed contemporaneously.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of January, 2014.